UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vallin Bridges,

        Plaintiff,                      Case No. 25-cv-11229
                                                  Honorable F. Kay Behm

v.

James Kissinger, et al.,

        Defendants.
_____/

**<u>OPINION AND ORDER DENYING APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE</u>**

      Antonio Vallin Bridges, who is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* civil rights complaint. (ECF No. 1.) He also has filed an application to proceed without prepayment of fees. (ECF No. 2.) For the following reasons, the Court denies the application and dismisses the complaint.

      The Prison Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). *See also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Section 1915 provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Bruce v. Samuels*, 577 U.S. 82, 85-86 (2016). Under the PLRA, a prisoner may not proceed *in forma pauperis* where, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a

claim for which relief may be granted.  *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999).

Federal court records show that at least three of Bridges' prior civil rights complaints have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted.  *See Bridges v. Barnes,* No. 2:23-CV-11772, 2023 WL 8602271 (E.D. Mich. Dec. 12, 2023); *Bridges v. Mental Health Officers*, No. 21-12366, 2021 WL 5795337 (E.D. Mich. Dec. 7, 2021); *Bridges v. Michigan Parole Bd. Members*, No. 1:20-CV-1138, 2020 WL 7021563 (W.D. Mich. Nov. 30, 2020); *Bridges v. Rubitschun*, No. 1:05-CV-624, 2005 WL 2656617 (W.D. Mich. Oct. 18, 2005).

Consequently, Bridges is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To fall within this statutory exception, "the prisoner must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc*., 727 F.3d 580, 585 (6th Cir. 2013)).  The danger must be "'real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

Bridges names as defendants five Michigan Parole Board members and five Michigan Department of Corrections employees.  He claims Defendants violated his rights under the First, Fifth, and Fourteenth Amendments by labeling him a sex offender, requiring him to complete a sex offender program before he is eligible for parole, and

2

incorrectly scoring a risk assessment tool based on a sex offender designation. These claims concern his parole eligibility and do not suggest he is in imminent danger of serious physical injury. Bridges raises a claim of imminent danger related to his cellmate. He claims that his cellmate has threatened to sexually assault him, and that unnamed prison staff have failed to address his concerns. Bridges attempts to connect this threat to the claims raised in his complaint by concluding that if he were not classified as a sex offender he would not have been placed in a cell with a sexual predator. But this claim of imminent danger is not related to any named defendant. Instead, the claim alleges a failure to protect against unidentified corrections officers. Therefore, Bridges' claim that he is in imminent danger because of his cell assignment is not sufficiently related to the claims raised in the petition to satisfy the imminent danger requirement. *See Jenkins v. Henry Ford Allegiance Health*, No. 21-2954, 2022 U.S. App. LEXIS 6670, at *3 (6th Cir. Mar. 15, 2022) (holding that claim of imminent danger must be related to his claims raised in complaint against the named defendant). *See also Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (holding that § 1915(g) requires a nexus between the imminent danger the prisoner alleges and the claims he asserts).

Accordingly, the Court DENIES the application to proceed without prepayment of fees or costs (ECF No. 2) and DISMISSES the complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($55.00). This dismissal

3

is also without prejudice to Plaintiff filing a new complaint related to the safety of his cell assignment against proper defendants.

The Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3).

s/F. Kay Behm<br>
F. Kay Behm<br>
United States District Judge

DATED: June 25, 2025